# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE WAKSMUNSKI, for Cristina Marie Korbe, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | )     02: 09-cv-0231 |
| | ) |
| UNITED STATES MAGISTRATE JUDGE ROBERT C. MITCHELL, UNITED STATES MAGISTRATE JUDGE AMY REYNOLDS HAY, UNITED STATES ATTORNEY MARY BETH BUCHANAN, ASSISTANT U.S. ATTORNEY TROY RIVETTI, AND CAMBRIA COUNTY SHERIFF, WARDEN JOHN J. PREBISH, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

February 27, 2009

      On or about February 9, 2009, Petitioner George Waksmunski ("Waksmunski") filed a *pro se* Petition for Writ of Habeas Corpus on behalf of Christina Marie Korbe (hereinafter "Korbe") in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division, against the above-named Respondents. The Petition asserts that Korbe, an inmate in federal custody currently being detained in the Cambria County Jail pending trial, is being incarcerated

without lawful authority.[1] As relief, Waksmunski seeks a hearing regarding Korbe's alleged "unlawful detention" and immediate release from such detention.

On February 23, 2009, the United States of America on behalf of Respondents Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Troy Rivetti, Assistant United States Attorney for the Western District of Pennsylvania, removed this matter to this Court from the Court of Common Pleas of Allegheny County, Pennsylvania.

The United States of America, on behalf of Respondents Buchanan and Rivetti, has responded to the Petition for Writ of Habeas Corpus in accordance with the Court's Text Order of February 24, 2008. Respondents contend that the Petition for Habeas Corpus should be dismissed with prejudice for lack of standing. The Court agrees.

**Discussion**

The Court has reviewed the Petition for Writ of Habeas Corpus[2] and, although rambling, disjointed, and at times incomprehensible, distilled to its essence, it appears that Waksmunski, on behalf of Korbe, is arguing that the proper jurisdiction over the pending

---

[1] On January 8, 2009, a federal Grand Jury in the Western District of Pennsylvania returned a four-count Indictment against Korbe, in which she was charged with the following crimes: murder of a federal officer, in violation of Title 18, United States Code, sections 1111 and 1114 (Count One); assault of a federal officer through the use of a dangerous weapon, in violation of Title 18, United States Code, sections 111(a)(1) and (b) (Count Two); using, carrying and discharging a firearm during and in relation to a crime of violence and possessing said firearm in furtherance thereof, in violation of Title 18, United States Code, sections 924(c)(1)(A)(i) and (iii) (Count Three); and aiding and abetting the possession of a firearm by a convicted felon, in violation of Title 18, United States Code, sections 922(g)(1), 924(e), and 2 (Count Four).

[2] The Petition itself is twenty-two (22) pages, and attached thereto are the federal Criminal Complaint and Indictment against Korbe.

criminal charges brought against Korbe is with the Commonwealth of Pennsylvania, not the United States District Court for the Western District of Pennsylvania, because "each of the alleged crimes were acts of commission which occurred at 111 Woods Run Road, Glenshaw, Pennsylvania, the home of the unlawfully incarcerated federal prisoner, Cristina (sic) Marie Korbe, said domicile is clearly within the geographical boundaries of the Commonwealth of Pennsylvania and not within the Judicial Power of the United States . . . ." Petition, at 7-8. Therefore, according to Waksmunski, the United States District Court for the Western District of Pennsylvania is without subject matter jurisdiction. The Court agrees that it is without subject matter jurisdiction over the instant Petition for Writ of Habeas Corpus, but for completely different reasons than those asserted by Waksmunski.

As an initial matter, the Court notes that while Waksmunski has styled his pleading a "Petition for Habeas Corpus," he has not identified any federal or state statutory authority in support of such relief. Further, to date, Korbe has not been convicted or sentenced for the crimes for which she has been indicted in federal court. In fact, her criminal prosecution is in the very early stages as the filing deadline for pre-trial motions is not until March 31, 2009, as requested by her counsel.[3] However, to the extent that the Petition can be construed as filed under 28 U.S.C. § 2241, the only proper respondent is the warden of the institution where Korbe was incarcerated at the time the petition was filed. *See* 28 U.S.C. § 2242. To the extent that the Petition can be construed as filed under 28 U.S.C. § 2255, the only proper respondent is the United States of America.

---

[3] In her criminal prosecution, Korbe is represented by two attorneys, *to wit*: John Elash and Phillip P. DiLucente.

Additionally, the Court notes that is clear from the Petition that Respondents United States Magistrate Judge Robert C. Mitchell and United States Magistrate Judge Amy Reynolds Hay were each acting, at all relevant times, in a judicial capacity. Judicial immunity shields a judge from suit even when a judge is accused of having acted maliciously or corruptly in the performance of judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978). Thus, the doctrine of judicial immunity shields United States Magistrate Judge Robert C. Mitchell and United States Magistrate Judge Amy Reynolds Hay from this suit.

The Court is fully cognizant of the principle that a *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996); *Siers v. Ryan,* 773 F.3d 37, 45 (3d Cir. 1985), *cert. denied,* 490 U.S. 1025 (1989). *See also* 28 U.S.C. §§ 2243, 2254, 2255 and Rule 4 governing Section 2255 cases.

Significant to the resolution of this matter, the Court finds and rules that Waksmunski does not have standing to bring this lawsuit.[4] Standing is a jurisdictional

---

[4] Although Respondents Buchanan and Rivetti raised the issue of standing, the Court has an obligation to raise the issue of standing *sua sponte*. *Desi's Pizza, Inc., v. City of Wilkes-Barre*, 321 F.3d 411, 420 (3d Cir. 2003). " 'Standing' means that the party has sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. . . . Standing is a requirement that the plaintiffs have been injured or been threatened with injury by governmental action

(continued...)

requirement. *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003). If the plaintiff does not have standing and, therefore, there is no subject matter jurisdiction, the Court must dismiss the action.

First, it is black letter law that while an individual may represent himself *pro se* with respect to his individual claims, he is not entitled to act as an attorney for others in federal court. *Lutz v. Lavelle*, 809 F. Supp. 323, 325 (M. D. Pa. 1991). *See also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

Moreover, a litigant who seeks to prosecute a habeas petition on behalf of someone else (or as a "next friend"), "must establish the requisite [Article III] standing to sue." *Whitmore v. Arkansas,* 495 U.S. 149, 154 (1990); *In re Zettlemoyer*, 53 F.3d 24, 26-27 (3d Cir. 1995). " '[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163.

The United States Supreme Court has set forth two requirements that must be met by the third party seeking to qualify for "next friend" standing: (i) the "next friend" must demonstrate that he or she is truly dedicated to the best interests of the person on whose behalf he or she seeks to litigate and has some "significant relationship" with that person; and (2) the "next friend" must provide an adequate explanation - such as inaccessibility, mental

---

⁴(...continued)
complained of, and focuses on the question of whether the litigant is the proper party to fight the lawsuit, not whether the issue itself is justiciable." *Black's Law Dictionary* 978 (Abridged Sixth Ed. 1991)

incompetence, or other disability - why the real party in interest cannot appear on his [or her] own behalf to prosecute the action." *Whitmore,* 495 U.S. at 163-64. The "next friend" doctrine is so limited because of the recognition that "it was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164. The burden is on the "next friend" to justify his status and, thereby, to obtain the jurisdiction of the federal courts. *Id*.

The Court's liberal review of the Petition for Writ of Habeas Corpus filed in this matter reveals that Waksmunski has failed to establish either of the *Whitmore* requisites to qualify for "next friend" standing. First, Waksmunski fails the first prong because he has not demonstrated that he is "truly dedicated to the best interests of" Korbe and has some "significant relationship" to her. *Whitmore,* 495 U.S. at 163-64. Rather, Waksmunski merely identifies himself as a "citizen of the Commonwealth of Pennsylvania." Petition at ¶ 3. He does not indicate any relationship with Korbe, familial or otherwise. He also does not assert that he is an attorney or in any way is legally authorized to assert claims against Respondents on behalf of Korbe.

Waksmunski also fails the second *Whitmore* prong because he has provided absolutely no reason why Korbe is not able to "appear on [her] own behalf to prosecute the action." *Whitmore,* 495 U.S. at 163-64.

In conclusion, for all the foregoing reasons, the Court finds and rules that Waksmunski does not have standing to pursue the legal interests of Korbe; therefore, the Court

will dismiss the instant Petition for Writ of Habeas Corpus for lack of subject matter jurisdiction.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE WAKSMUNSKI, for Cristina Marie Korbe, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 02: 09-cv-0231 |
| UNITED STATES MAGISTRATE JUDGE ROBERT C. MITCHELL, UNITED STATES MAGISTRATE JUDGE AMY REYNOLDS HAY, UNITED STATES ATTORNEY MARY BETH BUCHANAN, ASSISTANT U.S. ATTORNEY TROY RIVETTI, AND CAMBRIA COUNTY SHERIFF, WARDEN JOHN J. PREBISH, | ) ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

## ORDER OF COURT

**AND NOW,** this 27th day of February, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Petition for Habeas Corpus is **DISMISSED** based on Petitioner's lack of standing and, therefore, lack of subject matter jurisdiction;

2. The Clerk of Court is directed to docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: George Waksmunski
3034 Wiggins Street
Pittsburgh, PA 15219
(via Regular and Certified Mail, Return Receipt Requested)

Christy Wiegand,
Assistant U.S. Attorney
Email: christy.wiegand@usdoj.gov

Jessica Lieber Smolar,
Assistant U.S. Attorney
Email: jessica.smolar@usdoj.gov

Robert C. Mitchell,
United States Magistrate Judge

Amy Reynolds Hay,
United States Magistrate Judge

John J. Prebish,
Warden
Cambria County Prison
425 Manor Drive
Ebensburg, PA 15931